******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGERS, C. J., with whom PALMER and McDON-ALD, Js., join, concurring. I agree with and join in the conclusions of the majority opinion that an implied waiver of *Golding* review[1] pursuant to *State* v. *Kitchens*, 299 Conn. 477, 10 A.3d 942 (2011), does not preclude an appellate court from holding that there was plain error in a trial court's jury instruction, but that the instructions in this case were proper. I write separately to express my continued disagreement with the rule of *Kitchens* and my belief that that case was decided incorrectly and, therefore, should be overruled. See *State* v. *Bellamy*, 323 Conn. 400, 454–66, 147 A.3d 655 (2016) (*Rogers*, *C. J.*, concurring). Although today's decision provides an important safeguard against convictions obtained with egregiously mischarged juries, the availability of plain error reversal is an inadequate substitute for regular appellate review of claims of constitutional error in jury instructions. As I explained in my concurrence in *Bellamy*, such review provides important benefits to criminal defendants and society as a whole, and it is questionable whether the efficiencies sought by *Kitchens* outweigh those benefits or even will be effectively achieved. Id., 458–60. Moreover, it is much more difficult for a defendant to prevail within the narrow confines of the plain error doctrine than under *Golding*, and that doctrine, unlike *Golding*, does not appear to provide a hospitable framework for the advancement of claims that are novel or whose success is dependent on the overruling of existing precedent. See id., 458 n.6 (*Rogers*, *C. J.*, concurring). Accordingly, I concur in the judgment.

[1] See *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).